**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**ROBERT BRIDE**

    **Plaintiff,**

**v.**                                                  **Case No: 5:14-cv-270-Oc-22PRL**

**MASON DIXON CONTRACTING,
INC., A FLORIDA CORPORATION,
AND ANDREW DIXON,
INDIVIDUALLY,**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

Upon referral, this matter is before the Court on the parties' Joint Notice of Filing Revised Proposed Settlement Agreement in Compliance with this Court's Order of May 15, 2015. (Doc. 29). Previously, the parties submitted a prior settlement agreement for approval, however, the undersigned observed that it contained an inappropriate provision. (Doc. 28). Accordingly, the parties were provided the opportunity to file a revised proposed settlement agreement. On June 2, 2015, the parties complied, and filed a revised settlement agreement (Doc. 29-1) that does not contain the inappropriate provision. Thus, it must be determined whether the settlement between Plaintiff and Defendant is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.
> *Id.*

As set forth in the motion and Settlement Agreement (Doc. 29), the settlement provides that Defendant will pay Plaintiff $1,250.00 to settle Plaintiff's FLSA claim for alleged unpaid overtime, plus an additional $1,250.00 to settle the claim for liquidated damages. Defendant will also pay Plaintiff's counsel $3,500.00 in full settlement of attorney's fees and costs. As explained by the parties' earlier motion (Doc. 27, p. 1), the settlement of the attorney's fees and costs was agreed to separately without regard to the amount paid to Plaintiff. The parties represent that the settlement represents a reasonable compromise based upon bona fide disputes concerning the

validity of Plaintiff's claim and uncertainties of further litigation.  Under these circumstances, the undersigned finds the settlement to be reasonable, especially considering the vagaries of litigation.

As for the amount of attorney's fees and costs, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs."  *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985).  The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva v. Miller*, 307 Fed. Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case).

As noted above, the parties represent that the attorney's fees and costs were negotiated separately from Plaintiff's recovery.  *See Bonetti v. Embarq Mgmt.Co.*, Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009).  Here, the parties have not presented an itemization of the attorney fees or expenses incurred.  However, the undersigned notes that this case was initiated on May 8, 2015, and has been pending more than a year.  Plaintiff has been represented by C. Ryan Morgan and J. Corey Moore, of Morgan & Morgan, P.A.  As explained in the motion (Doc. 27), this case was settled only after the parties exchanged discovery and engaged in several rounds of negotiations, including a formal mediation conference.  (Doc. 25).  Under the circumstances, the Court also finds the agreed upon attorneys' fees and costs ($3,500.00 total) to be reasonable.

Moreover, as explained in the parties' joint notice, the revised proposed settlement agreement does not contain the inappropriate broad release contained in the prior proposed agreement. (Doc. 29, p. 1). Absent that inappropriate provision, it appears that the terms of the settlement are fair and reasonable.

As such, it is **respectfully recommended** that the parties' Motion (Doc. 27) be granted, the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues, and the matter be dismissed, with prejudice.

Recommended in Ocala, Florida on June 4, 2015.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy